UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12039-GAO

SONIA C. MENA-CENTENO,
Plaintiffs,

v.

BETH ISRAEL DEACONESS MEDICAL CENTER and GINA MURPHY,
Defendants.

OPINION AND ORDER
December 23, 2014

O'TOOLE, D.J.

This case arises out of the June 2010 termination of the plaintiff's employment with the Beth Israel Deaconess Medical Center ("BIDMC"). The plaintiff filed a charge against BIDMC in the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC") for discrimination on the basis of disability in violation of Mass. Gen. Laws ch. 151B, § 4(16), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act ("ADA"). The MCAD dismissed the charge for lack of probable cause, and the dismissal was affirmed on administrative appeal. The EEOC adopted the MCAD findings and issued a dismissal and right-to-sue notice.

In August 2013, the plaintiff commenced this action, naming BIDMC as the sole defendant. This Court accordingly issued a summons as to BIDC only. However, nurse manager Gina Murphy's name was typewritten onto the BIDC summons, and a US Marshals Service Process Receipt and Return form was completed in what appears to be the plaintiff's hand. Shortly after the two executed summonses were returned, both BIDMC and Ms. Murphy moved to dismiss.

The Complaint recites a narrative of disputes and frustrations with BIDMC and Ms. Murphy but does not identify specific claims. The defendants do the plaintiff's work for her and read into the Complaint, *inter alia*, four types of possible allegations: age-based discrimination under the Age Discrimination in Employment Act ("ADEA"), disability-based discrimination under Title VII and the ADA, discrimination under Mass. Gen. Laws ch. 151B, and a vague Family and Medical Leave Act ("FMLA") claim.

As the defendants point out in their memorandum, even allowing for leniency in pleading standards for a *pro se* plaintiff, the complaint fails plausibly to allege the necessary elements of the statutory claims she may have intended to assert. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The defendants make other arguments for dismissal, a few of which bear acknowledgment here. To the extent the plaintiff asserts a federal age discrimination claim, which would arise under the ADEA, it is barred by the plaintiff's failure to exhaust her administrative remedies as required by statute. 29 U.S.C. § 626(d). The plaintiff's administrative charge was attached to the defendants' memorandum and is part of the public record; it is therefore properly considered by this Court at the motion to dismiss stage. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Although the charge identified Title VII and the ADA, it included no mention of the ADEA or facts supportive of an age discrimination claim. Accordingly, the EEOC and MCAD never considered such a claim, and it may not be brought in a civil action. 29 U.S.C. § 626(d).

Any state-law claim of discrimination under Mass. Gen. Law ch. 151B or potential FMLA claim, as to which the Complaint is silent, would fail for the additional reason that it would be time barred. See Mass. Gen. Law ch. 151B, § 9 (three year statute of limitation); 29

U.S.C. § 2617(c) (two or three year statute of limitation under FMLA depending on whether the violation was willful).

Lastly, the procedure by which Ms. Murphy was named a defendant is irregular. Certain potential claims against her also suffer from problems of exhaustion and no provision for individual liability under the statutory scheme. Trumping all this, the Complaint simply fails to allege sufficient facts to state a claim against Ms. Murphy under the theories borrowed from the defendants.

For the foregoing reasons, the Motion to Dismiss (dkt. no. 13) is GRANTED. The action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge